# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | | |
|---|---|---|
| JODY WALLACE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| ANDREW SAUL, | * | No. 4:20-cv-00856-JJV |
| Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Jody Wallace, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income and disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff is forty-three years old. (Tr. 39.) He is a high school graduate, attended some college, and has past relevant work as a rotary driller. (Tr. 39, 26.)

The ALJ[1] first found Mr. Wallace had not engaged in substantial gainful activity from the alleged onset date of June 26, 2017. (Tr. 19.) The ALJ determined he has "severe" impairments in the form of "degenerative disc disease of the lumbar and cervical spine, right patellar bursitis, sacroiliac joint disease, sacroiliitis, chronic pain syndrome, and obesity." (*Id*.) The ALJ further found Mr. Wallace did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 21-22.)

The ALJ determined Mr. Wallace had the residual functional capacity to perform a reduced range of light work. (Tr. 22.) Given his residual functional capacity, the ALJ determined Plaintiff was no longer able to perform his past relevant work. (Tr. 26.) Therefore, the ALJ utilized the services of a vocational expert to determine if jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 51-54.) Based on a set of hypothetical questions posed to the vocational expert, the ALJ concluded Plaintiff could perform the jobs of cashier and sales attendant. (Tr. 27.) Accordingly, the ALJ determined Mr. Wallace was not disabled. (*Id*.)

The Appeals Council received additional evidence but denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

In support of his Complaint, Plaintiff argues that the ALJ erred at Step 3 with regard to Listing 1.04 for disorders of the spine. (Doc. No. 15 at 12-16.) A claimant is presumed disabled due to major dysfunction of a joint if he establishes the following:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);
> OR
> B. Spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours;
> OR
> C. Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

20 C.F.R. § 404(P), App. 1, §§ 1.02 & 1.04.

The ALJ found Plaintiff's back disorder amounted to a "severe" impairment but determined this impairment did not meet or equal a listing. (Tr. 19-22.) Plaintiff unquestionably has significant issues with his back. To meet or equal a listing, Plaintiff must prove he meets all of the specific medical criteria. *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995). Given the most recent treatment records submitted to the Appeals Council, I find Plaintiff's medical evidence fails to meet the requirements of Listing 1.04. Gregory F. Ricca, M.D., thoroughly examined Mr. Wallace on October 1, 2019. (Tr. 8-13.) Although Plaintiff complained of significant pain and limitation, Dr. Ricca found nothing to support Plaintiff's symptoms. Dr. Ricca also found nothing noteworthy upon review of Plaintiff's MRI. Dr. Ricca stated, "I am not able

to identify anything I can help within my field of expertise. I wonder if he has myositis of some rheumatologic disorder." (Tr. 13.) Accordingly, the ALJ could correctly find that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (Tr. 21.)

Mr. Wallace further contends that the ALJ failed to develop the record regarding his straight leg raises. (Doc. No. 15 at 16.) "While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." *Martise v. Astrue*, 641 F.3d 909, 926–27 (8th Cir. 2011) (internal citations and quotations omitted). Here, I find no error.

And as the Commissioner points out in his brief, substantial evidence also supports the ALJ's residual functional capacity assessment. (Doc. No. 17 at 5-9.) Overall, Plaintiff's numerous diagnostic tests fail to support an allegation of complete disability. Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

I also agree with the Commissioner that Plaintiff's reported activities of daily living are consistent with a determination that Plaintiff is capable of performing light work. (Tr. 231-235.) Plaintiff admitted being able to take care of his personal needs, perform household chores, and take care of his children. These activities are consistent with the demands of light work. Although

it is not necessary for a claimant to be completely bedridden or unable to perform any household chores to be considered disabled, plaintiff's activities and statements do not support an allegation of total disability. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1995) (daily caring for one child, driving when unable to find ride and sometimes going to grocery).

The ALJ's conclusions are supported by the objective medical evidence. Plaintiff had the burden of proving his disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has not met that burden.

Mr. Wallace clearly has limitations and some serious health issues. However, being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here. The objective medical records simply fail to support a claim of *complete disability*.

Plaintiff has advanced other arguments which I have considered and find to be without merit. Counsel for both sides have done exemplary work on behalf of their respective clients. I am sympathetic to Mr. Wallace's claims. I am certain he experiences some degree of pain and limitation. Dr. Ricci seemed perplexed about the source of Plaintiff's issues and so am I. But the overall medical evidence provides substantial support for the ALJ's determination that he could perform work at the light exertional level.

It is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, ORDERED that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 30th day of March 2021.

_____
JOE J. VOLPE